W. M. Webster, Jr. v. Commissioner.
W. Webster v. Commissioner
Docket No. 15288.
United States Tax Court
1950 Tax Ct. Memo LEXIS 172; 9 T.C.M. (CCH) 523; T.C.M. (RIA) 50150; June 19, 1950
*172 W. M. Webster, Jr., pro se. William W. Oliver, Esq., for the respondent. DISNEY
Memorandum Opinion DISNEY, Judge: This case involves income tax for the calendar year 1941. Deficiency was determined in the amount of $804.42. Two questions are presented: (1) Whether the Commissioner erred in disallowing deduction of $2,450 out of $2,500 deducted as bad debt; (2) whether the Commissioner erred in disallowing to the extent of $443.25 a deduction taken for automobile expense in the amount of $750. [The Facts] We find the following facts: The petitioner is a resident of Greenville, South Carolina. He had been an equal partner with C. M. Snelling, Jr., in a partnership in the cotton business. The partnership went out of business in the early part of 1937. The partnership had borrowed $5,000 on a promissory note. In 1941 petitioner paid $2,500 thereon, and paid the remainder in later years. Petitioner claimed the $2,500 as a deduction for bad debt. Snelling, in 1941, lived in Greenville, South Carolina. He was about 40 years old. At that time he had a business called Polar Pantries, a freezing locker unit. He went into the Navy, and went back into the business of *173 Polar Pantries after he left the Navy. Petitioner took up with an attorney in 1942, for the first time, the matter of attempting to collect from Snelling. The note was dated at least a year before January 1, 1937. During 1941 petitioner was in business as a commissioned oil distributor, a wholesale oil and gasoline business. He owned an automobile which was used both in his business and to some extent by his family. He and his family lived with his wife's father who had a car. The petitioner did not keep a record of the expense on the car. The family had only one car. He estimated his mileage and claimed $750 as business expense of the automobile with the explanation "Car and Trav. Exp. 15,000 at 5"." He drove the car in contacting prospective dealers, cotton mills, and farmers, soliciting new business, and keeping up with his business. He bought the gasoline for his car at retail. His business covered one county. The Commissioner disallowed the claimed bad debt except to the extent of $50; and disallowed the automobile expenses to the extent of $443.25. [Opinion] From the above facts, it is clear that the Commissioner is not shown to have erred in denying the claim for *174 bad debt to the extent of $2,450. The petitioner as an equal partner was liable on the note for the full $5,000, and on any theory of contribution had a claim of debt against his former partner only to the amount of the excess over his own half of the liability, that is, only above $2,500. ; ; ; ; 18 C.J.S. 10; and 13 Am. J. 15. Since he paid only $2,500 during 1941 he had, under the above authorities, no claim or debt against Snelling. The fact that he paid the rest of the debt in later years is, of course, immaterial to our consideration of 1941. Moreover, there is no showing that in 1941 Snelling was unable to pay (except in the petitioner's mere opinion: "My partner could not pay the money * * *" - with no facts indicating Snelling's financial condition), and though Snelling was then about 40 years old, and later served in the Navy, petitioner did not take the matter up with an attorney until 1942. Worthlessness of the debt in 1941 is, therefore, not shown. Respondent, therefore, did not err in denying *175 the claim of $2,450 for bad debt. It is unnecessary, therefore, to consider whether there was any debt subject to contribution, in 1941, because of the lapse of at least six years from the date of the making of the note, under the six-year statute of limitations in South Carolina as to any such debt under Chapter 13, Sections 387 and 388 of the Code of South Carolina 1942. With reference to the claim of error in the disallowance by the Commissioner of the $750 claim for automobile expense, to the extent of $443.25, it is equally clear that no error has been shown on the part of the Commissioner. He allowed $306.75 and the evidence is that the car was used to some extent at least for family purposes, as well as business purposes. Upon the mere estimate of the petitioner, and without further facts explanatory of the expenditure for gasoline, we are in no position to say that the business expenses were more than the $306.75 allowed. No error, therefore, on the part of the Commissioner is found. Decision will be entered for the respondent.